CLARA L. SMITH, PROSECUTOR, v. MAY M. CARTY ET AL., RESPONDENTS.

Argued May 5, 1936—Decided December 15, 1936.

Before Justices LLOYD and DONGES.

For the prosecutor, *Louis Dworetz.*

For the respondents, *Harold D. Green.*

PER CURIAM.

The prosecutor, a former teacher in the schools of Paterson, was tried and convicted by the school board on charges justifying her dismissal. Appeal being taken the case was reversed on the ground that a member of the school board hearing the case was not present during the taking of all of the proofs, and the prosecutor was ordered reinstated in her position. This order was complied with by the board. On the same day the charges were renewed in a new proceeding, a new trial had, a second dismissal and affirmance by the commissioner of education, and also by the state board. To review this action the *certiorari* was allowed.

The respondents have moved to dismiss the writ for reasons subsequently appearing by affidavit and now before us on stipulation of facts. From this stipulation it appears that the prosecutor before the allowance of the present writ applied for and received the full proceeds of her portion available in the teachers' retirement fund, setting forth as a ground of the application for such fund that she was dismissed and that she was not under contract to teach.

Respondents for the motion urge that by so doing she accepted the action of the school board in dismissing her and hence is not entitled to a review of the action taken.

The basis of this contention is that under the School Board law, sections 249 and 251, by withdrawing from the retirement fund she automatically ceased to be a teacher in the public schools or entitled to consideration as such.

Our reading of the sections relied upon leads us to the conclusion that the contention of the respondents is well founded. These sections are as follows:

Section 249 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3298, § 185-497(2). "All persons who become teachers after the 1st day of September, 1919, and whose appointment is made subsequent to the passage of this act, shall become members of the Retirement System by virtue of their appointments as teachers."

Section 251 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3304, § 185-499, *sec.* 251(11). "A contributor who withdraws from the service or ceases to be a teacher for any cause other than death or retirement, shall be paid on demand the accumulated deductions standing to the credit of his individual account in the annuity savings fund."

If the prosecutor were not a teacher she would not be entitled to participate in the fund. As one interested in the fund she was obliged to make regular systematic contributions which inured not only to her own benefit but to the benefit of all fellow teachers in the school system.

The result we reach is that by drawing her proportion of the fund and failing to contribute to it for the period intervening between her dismissal and the application for the writ of *certiorari,* she automatically ceased to be a teacher in the public schools of the city. That she consequently is without standing as a teacher by virtue of her own act and this makes it unnecessary to consider the sufficiency of the action taken leading to her dismissal.

The motion to dismiss the writ is granted, with costs.